IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEAN LYTLE | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv61 |
| AMY CLARK MEACHUM, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Christopher Sean Lytle, an inmate at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Declaratory Judgment against Amy Clark Meachum and Ken Paxton.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff brings this Petition for Declaratory Judgment against Amy Clark Meachum, Judge of the 201st Civil District Court in Austin, Texas, and Ken Paxton, the Attorney General for the State of Texas. Plaintiff seeks a declaratory judgment that Texas Senate Bill No. 34 is unconstitutional.

Analysis

When, as here, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides generally that venue is proper only in the judicial district where the defendants reside or in which the claim arose. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Travis County. *Holloway v. Gunnell*, 685 F.2d 150, 153 n.3 (5th Cir. 1982). In accordance with

28 U.S.C. § 124, Travis County, Texas is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas, Austin Division.  Accordingly, plaintiff has failed to establish a jurisdictional basis for his claims to proceed in the Eastern District of Texas.

As Travis County, Texas is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas, venue in the Eastern District of Texas is not proper.  When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  This case should be transferred to the United States District Court for the Western District of Texas, Austin Division.  An appropriate order so providing will be entered by the undersigned.

SIGNED this 30th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge